UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 21-60757-CIV-ALTMAN/HUNT

GEOVERA SPECIALTY INSURANCE
COMPANY,

       Plaintiff,

v.

CHARLES WARD,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff's Motion for Default Judgment ("Motion"). ECF No. 14. The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation. ECF No. 15; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the record, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion, ECF No. 14, be GRANTED for the reasons set forth below.

## BACKGROUND

Geovera Specialty Insurance Company ("Plaintiff") brought this action against Charles Ward ("Defendant") seeking to compel an itemized appraisal with an impartial appraiser pursuant to a homeowner's policy between Plaintiff, the insurer, and Defendant the insured. ECF No. 1.

Plaintiff alleges that Defendant submitted a claim for loss under the policy. ECF No. 1. A dispute as to the amount of loss arose between Plaintiff and Defendant. ECF

No. 1.  Plaintiff alleges that Defendant demanded appraisal pursuant to the policy but did not select an impartial appraiser.  ECF No.1.  Plaintiff contends that Defendant's selected appraiser cannot be impartial because the appraiser has a financial stake in the outcome of the appraisal and that Defendant refuses to select another appraiser.  ECF No. 1.  Thus, Plaintiff alleges that Defendant has failed to comply with the appraisal clause of policy.

Defendant's son, who is above the requisite age for service, was properly served at Defendant's usual place of abode.  See ECF No. 7.  Defendant failed to respond to Plaintiff's Petition and the clerk entered default against Defendant. ECF No. 12.  Plaintiff moved for default judgment.  ECF No. 14.  As of the entry of this Report and Recommendation, Defendant has failed to respond or otherwise appear in this action.

## **DISCUSSION**

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). However, a "defendant's default does not in itself warrant the court in entering a default judgment . . . [t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The appraisal clause in the homeowner's policy states:

If you and we fail to agree on the amount of loss, either may demand appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written demand from the other and notify the other of the appraiser's name and contact information. If the appraisers cannot agree on the amount of loss or the actual cash value in accord with this Condition, the two appraisers will choose a competent and impartial umpire. If the appraisers cannot agree upon an umpire within 15 days, you and we shall jointly ask a judge of a court of

record in the judicial district where the "residence premises" is located to choose an umpire. Neither you nor we may assign the right to appraisal to anyone.

ECF No. 1.

Here, the undersigned finds that Defendant, by virtue of his default, has admitted Plaintiff's well-pleaded allegations as true. Thus, taking the allegations as true, pursuant to the homeowner's policy, in the event of a dispute as to the amount of loss, the Parties were entitled to an itemized appraisal requiring them to each choose an impartial appraiser. As a result of his default, Defendant has admitted that his appraiser is not impartial as he has a financial interest in the outcome of the appraisal. Therefore, the undersigned recommends that Plaintiff's Motion be granted and that an itemized appraisal be compelled, and that Defendant be required to choose an impartial appraiser not associated with Fraser Property.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Default Judgment, ECF No. 14, be GRANTED and default be entered. The undersigned further recommends that the Court compel an itemized appraisal and that Defendant be compelled to choose an impartial appraiser.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see *Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and ORDERED** at Fort Lauderdale, Florida this 27th day of July 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All Counsel of Record