UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-60757-ALTMAN/Hunt

GEOVERA SPECIALTY INSURANCE
COMPANY,

    *Plaintiff*,

v.

CHARLES WARD,

    *Defendant*.

_____/

## ORDER

The Plaintiff filed a Complaint [ECF No. 1], alleging that (1) the Defendant submitted a claim for loss under an insurance policy, (2) the parties disputed the amount of loss, (3) the Defendant demanded appraisal pursuant to the policy, (4) the Defendant selected an appraiser who had a financial stake in the outcome, and (5) the Defendant refused to select another appraiser, *see generally id.*

The Defendant did not respond to the Complaint, and the Plaintiff filed a Motion for Default Judgment (the "Motion") [ECF No. 14]. The Defendant did not file a response in opposition to the Motion. *See generally* Docket. The Court referred the Motion to United States Magistrate Judge Patrick M. Hunt, *see* [ECF No. 15], who issued a Report and Recommendation (the "R&R") [ECF No. 16], in which he suggests that the Defendant, as a result of his default, has admitted that his appraiser is not impartial and that the Plaintiff is entitled to default judgment. He also warned the Plaintiffs as follows:

> Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.

*Id.* at 5. Despite this warning, the Plaintiff has not timely objected to Magistrate Judge Hunt's R&R. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the record, and the applicable law, and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 16] is **ACCEPTED and ADOPTED**.
2. The Motion [ECF No. 14] is **GRANTED**. The Defendant is entitled to default Judgment. The Court will enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in a separate order.
3. The Clerk of the Court shall **CLOSE** this case. All other deadlines are **TERMINATED**, and all other pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 11th day of August 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record